**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KYONG S. EAGAN, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>MEGA MOVING CO., )<br>)<br>   Defendant. )<br>_____ ) | 2:09-cv-01376-RCJ-PAL<br><br>**ORDER** |

This lawsuit arises out of damage to Plaintiff Kyong Eagan's household goods by Defendant Mega Moving Co. ("Mega") during Eagan's move from Florida to Las Vegas. Plaintiff filed a Complaint (#4) on August 12, 2009. The Complaint fails to claim a basis for federal jurisdiction, and none appears from the facts listed in the Complaint. Pursuant to screening under 28 U.S.C. § 1915, Magistrate Judge Peggy A. Leen found that the Complaint failed to state a claim on which relief could be granted, dismissing the Complaint with thirty (30) days to amend and warning Plaintiff that she would recommend dismissal if he did not comply. (#3). He did not comply, and on September 22, Magistrate Judge Leen issued a Report of Findings and Recommendation ("R&R") recommending dismissal with prejudice for failure to prosecute. (#5). Plaintiff has filed an Objection (#6) and an Amended Complaint ("AC") (#7). Plaintiff argues in the Objection that his noncompliance should be excused because of a "pending criminal probe" against Defendant involving many victims and "comprehensive medical conditions," with no further explanation.

The dismissal was based on Plaintiff's failure to state a claim. (#3 at 3:20). The dismissal order cited both lack of subject matter jurisdiction and a forum selection clause in Plaintiff's contract with Defendant. The Court agrees that Plaintiff did not, and still has not, pled federal subject matter jurisdiction. However, it is not clear that the contractual clause at issue is a forum-selection clause.

The AC, filed on a 42 U.S.C. § 1983 complaint form, bases federal jurisdiction on the claim that Defendant possesses a federal commercial license issued by the U.S. Department of Transportation. This alone does not support federal question jurisdiction under 28 U.S.C. § 1331. The Complaint is for conversion and trespass to chattels, which are state law claims. (#7 at 3 ("The Defendant(s) was using commercial license [sic] to commit larceny, thief [sic], and stealing the customer's properties without a cause. Intentionally, deliberately damaged Plaintiff's properties . . . .")). Plaintiff also now claims he was damaged in the amount of $75,001, in an attempt to support diversity jurisdiction under § 1332. But Plaintiff does not allege facts from which the Court can determine whether diversity of citizenship existed when Plaintiff filed the Complaint. Plaintiff notes that he currently resides in Nevada. However, he claims that the Defendant's actions were directed against him in Florida, presumably when he resided there prior to his move. Plaintiff claims that Mega "resides" in Florida. Plaintiff does not allege the place of incorporation or principal place of business of Mega, or even whether Mega is a corporation or some other form of business organization. Without such allegations, the Court cannot determine its jurisdiction under § 1332. It is Plaintiff's burden to overcome the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He has not met this burden.

As to forum selection, the text of the contractual clause at issue reads:

> This Agreement has been entered into and shall be governed by as construed and enforced in accordance with the laws of the State of Florida. With respect to any legal proceedings arising out of this agreement, the Customer/Shipper consents [to] the jurisdiction and venue of any court of general jurisdiction of Dade County, Florida[,] and any legal proceedings arising out of this Agreement shall be brought only in such courts. In the event Customer/Shipper institutes legal proceedings in any court other than specified, Customer/Shipper shall assume all Mega Moving and

Storage, Inc.['s] cost in connection therewith, including, but not limited to[,] reasonable attorney's fees. The parties hereto acknowledge that Mega Moving and Storage, Inc. services customers all over the United States and cannot subject itself to jurisdiction throughout the country. Florida is the reasonable and appropriate jurisdiction of any disputes arising out of this Agreement.

(#4 at 12). The first sentence is a choice-of-law clause, selecting the law of Florida as to any claims on the contract. The second sentence represents Plaintiff's express consent to personal jurisdiction in any court of general jurisdiction in Dade County, Florida. The third sentence notes that if Plaintiff sues Defendant elsewhere, he consents to pay Defendant's costs and attorney's fees. The last two sentences are a recognition that Florida is the "reasonable and appropriate jurisdiction." It is not entirely clear that this language amounts to a forum-selection clause, or, if it does, that the clause was not adhesive. The Nevada courts closely scrutinize purported forum-selection clauses. *See Tandy Computer Leasing, v. Terina's Pizza, Inc.*, 784 P.2d 7, 8 (Nev. 1989). It is also not clear without further analysis whether Plaintiff's claims sound in contract or tort, or whether any validated forum-selection clause would apply to the tort claims. As this Court does not have jurisdiction to hear the claims, it cannot rule on these points.

Although Plaintiff has not shown federal jurisdiction, and the Magistrate Judge is correct that Plaintiff has failed to prosecute, his delinquency has not been extreme. In the interest of justice, the case should be dismissed without prejudice due to lack of subject matter jurisdiction so that Plaintiff may pursue his contract, conversion, and/or trespass to chattels claims in state court, if he so desires.

## CONCLUSION

IT IS HEREBY ORDERED that the Report of Findings and Recommendation (#5) are ADOPTED in part as explained above, and the Complaint (#4) is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED:   November 4, 2009

_____
Robert C. Jones
United States District Judge